Although I concur with the outcome reached in this case, this writer wishes to amplify the references to an open-handed slap to the face, contained in a portion of the opinion, for purposes of issuing a civil protection order as a result of violating the relevant statute here.
R.C. 3113.31 authorizes a court to grant a person a civil protection order if the petitioner can prove, by a preponderance of the evidence, that the perpetrator has attempted or recklessly caused bodily injury to the victim, or that the wrongdoer has, by threat of force, placed such person in fear of imminent serious physical harm. R.C. 3113.31(A)(1) defines "domestic violence" as:
 "(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by threat of force in fear of imminent serious physical harm * * *;"
In determining that appellee had proven she was in danger of domestic violence, the majority concludes that the slap to the face, by itself, was enough to prove domestic violence. For support, the majority relies on State v. Blonski (1997), 125 Ohio App.3d 103, which upheld a criminal domestic violence conviction relying on the pertinent criminal domestic violence statute where the defendant slapped the victim on the leg and then pushed her on a bed.
After reviewing that particular decision and the case cited in it, however, I am concerned with the correlation reached by the majority. The elements set forth in the civil domestic violence statute provided in R.C. 3113.31 differ from those in R.C. 2919.25.[1]
Thus, the fact that certain conduct amounts to domestic violence in the context of a criminal case does not necessarily mean the same conduct,per se, warrants a civil protection order.
In its analysis determining that appellee had met her burden of establishing the elements of civil domestic violence, the majority employs a conjunctive approach. First, it concludes that the slap to her face administered by appellant was sufficient to prove an act of such violence. It appears apparent that the majority relies on R.C.3113.31(A)(1)(a) as the pertinent section for this averred violation. It is also evident that the majority alternately is persuaded, as well as this writer, that appellee also established that appellant violated subsection (A)(1)(b) as a result of his conduct in the present situation, by virtue of his prior intentional acts of violence, by placing appellee by threat of force in fear of imminent serious physical harm, viz., by chasing her out of the house with a baseball bat, smothering her with a pillow, and threatening her several times with a gun and/or knife. Thus, appellee was in fear of imminent serious physical harm.
As noted earlier, with respect to the foregoing R.C. 3113.31(A)(1)(a) discussion, the majority references Blonski. Again, that case involved the criminal counterpart of the civil domestic violence statute involved here, in which there is obviously a disparity of elements. More importantly, a close reading of that case and its underlying facts does not persuade this writer that it may be cited for establishing a per se
rule that a slap alone necessarily satisfies either subsection (a) or (b) of R.C. 3113.31(A)(1), even though, under certain circumstances, one may be found to have violated R.C. 3113.31 or R.C. 2919.25 when a victim sustains no injury at all.
It is conceded that a given slap may indeed be sufficient to justify a civil protection order. It is evident, in the resolution of such a fact-driven question, that the fact finder making such determination is required to evaluate the circumstances of each case. However, based on the evidence presented here, it is this writer's view that this case does not present a sufficient factual predicate for this court to singularly address the question of whether or not a slap to the face, without any testimony relating to the slap's severity, etc., establishes domestic violence as that term is defined in R.C. 3113.31. Thus, this writer concludes that this narrow issue should be deferred until such time when a more appropriate evidential scenario compels a more specific sufficiency analysis of this question.
However, because of the cumulative impact of the component incidences established in the evidence here, I agree with the majority that when the circumstances of this case are reviewed, the trial court did not abuse its discretion in granting appellee a civil protection order. Appellee testified that in addition to the slap on May 1, 1999, appellant had committed other acts, when taken together, arise to domestic violence under R.C. 3113.31.
For the foregoing reasons, I respectfully concur with the decision of the majority.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
[1] R.C. 2919.25 states, in pertinent part:
 "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 "(B) No person shall recklessly cause serious physical harm to a family or household member.
 "(C) No person, by threat or force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."